UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLAYTON W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00513-JPH-DLP |
| ) | |
| ANDREW M. SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Clayton W. (the "Plaintiff") seeks judicial review of the Social Security Administration's decision denying his petition for certain benefits. For the reasons that follow, the decision is REMANDED.

The Plaintiff applied for supplemental security income ("SSI") from the Social Security Administration ("SSA") on April 7, 2016, alleging disability beginning on April 1, 2011. [Dkt. 7-2 at 16.] His application was initially denied on July 22, 2016, [Dkt. 7-4 at 4], and again upon reconsideration on October 11, 2016, [Dkt. 7-4 at 16].

Administrative Law Judge Ronald T. Jordan (the "ALJ") conducted a hearing on June 18, 2018, [Dkt. 7-2 at 32–62], and issued a decision on July 17, 2018, concluding that the Plaintiff was not entitled to receive benefits, [Dkt. 7-2 at 13–24]. The Appeals Council denied review on August 29, 2019. [Dkt. 7-

2 at 2.] On October 28, 2019, the Plaintiff timely filed this civil action asking the Court to review the denial of benefits according to 42 U.S.C. § 1383(c). [Dkt. 1.] The Court notes that jurisdiction is also proper according to 42 U.S.C. § 405(g).

## I.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability . . . benefits . . . to individuals with disabilities." *Barnhart v. Walton,* 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217. "The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue,* 364 F. App'x 271, 274 (7th Cir. 2010). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Id.* at 274.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart,* 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008), this Court must accord the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart,* 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 416.920(a)(4)(i)–(v)[1], evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater,* 55 F.3d 309, 313 (7th Cir. 1995).

---

[1] The Code of Federal Regulations contains separate, parallel sections concerning Disability Insurance Benefits and SSI, which are identical in most respects. Cases, as here, may reference the section pertaining to the other type of benefits under the Social Security Act. *Clifford,* 227 F.3d at 868 (citing 20 C.F.R. § 404.1520(a)(4)). Generally, a verbatim section exists establishing the same legal point with both types of benefits, such as the section substituted above. The Court will take care to detail any substantive differences that are applicable to the case but will not always reference the parallel section.

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue,* 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. 20 C.F.R. § 416.920(a)(4)(iv)–(v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *See Clifford,* 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett,* 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

The Plaintiff was 18 years old when his alleged disability began. [*See* Dkt. 7-5 at 2.] He has completed the ninth grade and does not have a GED. [Dkt. 7-2 at 43–44.] He has a history of special education. [Dkt. 7-6 at 18.] He has

4

worked as a laborer, assembly line worker, and dishwasher/cook. [Dkt. 7-6 at 18].[2]

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 416.920(a)(4) and concluded that the Plaintiff was not disabled. [Dkt. 7-2 at 24.] Specifically, the ALJ found as follows:

- At Step One, the Plaintiff had not engaged in substantial gainful activity[3] since April 7, 2016, the application date.[4] [Dkt. 7-2 at 18.]

- At Step Two, he had "the following severe impairments: degenerative disc disease, borderline intellectual functioning, and depression." [Dkt. 7-2 at 18 (citation omitted).]

- At Step Three, he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.[5] [Dkt. 7-2 at 18.]

- After Step Three but before Step Four, the Plaintiff had the RFC "to perform light work as defined in 20 CFR 416.967(b) except he can lift, carry, push or pull twenty pounds occasionally and ten pounds frequently. He can stand and walk six hours of an eight-hour workday and sit for six hours. He can occasionally stoop, balance, crouch, crawl, kneel, and climb stairs or ramps, but cannot climb ladders, ropes, scaffolds. He should not work around hazards such as unprotected heights, or unguarded, dangerous moving machinery. He should not be required to ambulate on wet or uneven surfaces. He is

---

[2] The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 416.972(a).

[4] SSI is not compensable before the application date. 20 C.F.R. § 416.335

[5] When assessing the "paragraph B" criteria, the ALJ found that the Plaintiff had moderate limitations with concentration, persistence, or maintaining pace. [Dkt. 7-2 at 19.] The limitations identified in the paragraph B criteria are used to rate the severity of mental impairments at Steps Two and Three of the sequential evaluation process. 20 C.F.R. § 416.920a(d)–(e). However, the RFC assessment used at Steps Four and Five requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorder listings. Social Security Ruling ("SSR") 96-8p (S.S.A. July 2, 1996), 1996 WL 374184, at *4.

- limited to work involving simple, repetitive tasks requiring occasional independent judgement regarding basic work processes and work goals from day to day should be static and predictable." [Dkt. 7-2 at 20.]

- At Step Four, the Plaintiff did not have any past relevant work to consider. [Dkt. 7-2 at 23.]

- At Step Five, relying on the testimony of the vocational expert and considering the Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could have performed through the date of the decision in representative occupations such as a sorter, routing clerk, and collator operator. [Dkt. 7-2 at 23–24.]

### III.
### DISCUSSION

The Plaintiff raises a host of issues—arguing that:

This Court must consider (1) whether the ALJ's [d]ecision is premised on cherry-picked evidence and fails to provide an accurate and logical bridge to support his critical conclusions and assertions; (2) whether the ALJ erred at Step Two (and beyond) given (a) the evidence of [the] Plaintiff's (i) anxiety disorder and (ii) underweight condition, and (b) the Agency's regulations requiring consideration of the combination of [the] Plaintiff's conditions, and (c) at all the Steps thereafter; (3) whether the ALJ erred in assessing [the] Plaintiff's mental impairments at Step Two and beyond given that the ALJ (a) erred in assessing the "B Criteria," which (b) flowed into the remainder of the [d]ecision; (4) whether the ALJ erred at Step Three in (a) failing to consider all relevant listings, and (b) failing to properly consider whether [the] Plaintiff's impairments, individually or in combination, medically equal a listing; (5) whether the ultimate residual functional capacity ("RFC") is supported given that (a) the ALJ erred in considering [the] Plaintiff's statements and (b) the ALJ erred in assessing the record; and, (6) whether the ALJ's Step Five determination is supported by substantial evidence given that the ALJ failed to provide a complete picture of [the] Plaintiff's functional capacity to the vocational expert in order to determine whether [the] Plaintiff was capable of performing any work.

[Dkt. 10 at 2.] The Court addresses the arguments as necessary to resolve the appeal.

### A. Concentration, Persistence, or Maintaining Pace

The Plaintiff contends that the ALJ ignored evidence of more than moderate limitations with the Plaintiff's ability to concentrate, persist, or maintain pace. [Dkt. 10 at 25]; *see supra* note 5 (and accompanying text). The Plaintiff also contends that even assuming the ALJ's finding that he had moderate limitations in that domain, the ALJ's RFC assessment failed to adequately account for those limitations. [Dkt. 10 at 30–31.]

Concerning the latter contention, the Seventh Circuit has repeatedly cautioned that "someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be." *Martin v. Saul,* 950 F.3d 369, 373–74 (7th Cir. 2020) (collecting cases); *see Craft v. Astrue,* 539 F.3d 668, 677–78 (7th Cir. 2008) (restricting RFC to unskilled work did not consider difficulties with memory, concentration, or mood swings); *see also Varga v. Colvin,* 794 F.3d 809, 813 (7th Cir. 2015) (citing *Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014) (additional citations omitted) (RFC limited to simple, repetitive, routine tasks did not account for temperamental deficiencies with carrying out those tasks).

The Plaintiff attended two psychological consultative examinations at the request of the SSA with Steven L. Marlow, Ph.D. On February 11, 2015, Dr. Marlow reviewed the Plaintiff's relevant history including his education through the ninth grade in learning disability classes for math, writing, and speech, as well as his employment that has lasted two weeks at the longest with the most recent attempt ending because of a combination of back pain, chest pain,

7

anxiety, and panic. [Dkt. 7-7 at 37.] Dr. Marlow's examination revealed that the Plaintiff's "immediate memory was in the mentally deficient range" based on digit-span testing. [Dkt. 7-7 at 38.] His mood was "dysphoric" and his affect was "anxious." [Dkt. 7-7 at 39.] The Plaintiff reported symptoms consistent with Dr. Marlow's diagnosis of Generalized Anxiety Disorder including "being easily fatigued, difficulty concentrating, irritability, muscle tension, and sleep disturbance." [Dkt. 7-7 at 39–40.] The Plaintiff's "mental control appeared to be in the mentally deficient range." [Dkt. 7-7 at 39.]

Dr. Marlow provided a medical source statement that the Plaintiff had "average understanding, poor memory, poor concentration, and average persistence." [Dkt. 7-7 at 39.] "He is unable to keep up with the pace of the workplace environment. Claimant can do simple tasks." [Dkt. 7-7 at 39.]

At the second consultative appointment on July 5, 2016, Dr. Marlow's examination revealed similar findings including deficiencies with the Plaintiff's immediate memory and mental control, his mood was depressed, and he reported severe symptoms of anxiety. [Dkt. 7-11 at 41–42.] Dr. Marlow diagnosed Borderline Intellectual Functioning based on IQ testing, Major Depressive Disorder, recurrent, moderate, and Generalized Anxiety Disorder. [Dkt. 7-11 at 42–43.]

Dr. Marlow's medical source statement concluded that the Plaintiff had "average levels of memory and understanding. He ha[d] poor levels of persistence and concentration," and he could "complete simple tasks." [Dkt. 7-11 at 42.]

8

The ALJ addressed Dr. Marlow's medical source statements that the Plaintiff "would have difficulty with changes in the work environment and would be unable to keep up with the pace of the workplace environment but could do simple tasks." [Dkt. 7-2 at 22 (record citations omitted).] The ALJ explained that he gave "Dr. Marlow'[s] opinion regarding simple tasks appropriate weight as it is reasonably consistent with the overall medical evidence." [Dkt. 7-2 at 22.]

The SSA requires that the "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. The Seventh Circuit has also explained that the "ALJ is not required to adopt the recommendations of an examining physician. But when a physician provides significant evidence that cuts against the conclusion reached by the ALJ, the ALJ must provide enough analysis to allow a re-viewing court some idea of why [he] rejected it." *Spicher v. Berryhill,* 898 F.3d 754, 757-58 (7th Cir. 2018) (citing *Clifford,* 227 F.3d at 873-74; *Rohan v. Chater,* 98 F.3d 966, 971 (7th Cir. 1996)). An ALJ must provide a "good explanation" for rejecting the opinion of a consultative examiner who examined the claimant at the request of the agency. *Beardsley v. Colvin,* 758 F.3d 834, 839 (7th Cir. 2014) (citing *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir. 2003) ("An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice."); 20 C.F.R. § 404.1527(c)(1)

9

("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.").

The ALJ's RFC assessment did not include any limitations consistent with Dr. Marlow's examination findings and medical source statements that the Plaintiff would have deficiencies with memory, concentration, and maintaining pace. The ALJ did not explain why corresponding limitations were rejected but only a limitation to simple tasks was adopted. The ALJ also did not address relevant aspects of the record, including Dr. Marlow's diagnosis of Generalized Anxiety Disorder, as well as the Plaintiff's testimony that he could not read a newspaper or write a letter that would be understood by anyone other than his wife. [*See* Dkt. 7-2 at 44.]

The ALJ's failure to grapple with the relevant record is error. Accordingly, remand is necessary for further consideration of the Plaintiff's RFC.

### B. Remaining Arguments

Having found remand to be warranted for further consideration of the evidence addressed above, the Court declines to analyze the Plaintiff's remaining arguments. As always, the ALJ should consider the Plaintiff's combined impairments. The Plaintiff is free to pursue any arguments based on the record, as well as produce evidence to fill any gaps necessary to adjudication of his claim.

### IV.
### CONCLUSION

For the reasons detailed herein, the Court **REVERSES** the ALJ's decision denying the Plaintiff benefits and **REMANDS** this matter for further proceedings

under 42 U.S.C. § 405(g) (sentence 4) as detailed above. Final judgment will issue accordingly.

**SO ORDERED.**

Date: 3/31/2021

                                                    James Patrick Hanlon
                                                  United States District Judge
                                                  Southern District of Indiana

Distribution:

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com